In the Matter of the Petition of HORACE B. JAMES, Administrator c. t. a. of Martin J. Morgan, deceased.

*Sussex, Jan.* 12, 1927.

*James M. Tunnell*, for the petitioner.

THE CHANCELLOR. The section of the *Code* (*Revised Code* 1915, § 3392) under which the petition in this case is filed provides that if an executor, etc., cannot pay over a legacy, etc., "because the

person entitled to the same, or any part thereof, is absent from the State, unknown or incompetent to receive the same or because the shares of the persons entitled to the same are unknown, such executor," etc., may petition the Chancellor for relief, and that the Chancellor, upon being satisfied that it is a proper case for relief, shall order the petitioner to pay the money into court; that upon compliance with the Chancellor's order, the petitioner and his sureties shall be discharged from further liability; and that the Chancellor shall have power to direct such proceedings as he may deem expedient for ascertaining the parties entitled to the money, that he may cause notice to the parties interested to be given by publication or otherwise, and may appoint an auditor to investigate and report to him as to any matter necessary to be determined in the premises.

The present petition represents that the petitioner as administrator c. t. a. of the estate of Martin J. Morgan is in possession of certain money belonging to said estate, which he is unable to pay over "because the shares of the persons entitled to the same are unknown." The petition, therefore, puts a case within the literal language of the Code section above referred to. The circumstance that the shares of the persons entitled to this money are unknown is due to the fact that the will of Horace J. Morgan is so phrased as to raise a doubt with respect to its meaning. There is no uncertainty concerning the identity of the persons who, when the will is construed, would be entitled to the money. The only thing that renders unknown the identity of the persons entitled is the doubtful language of the testator. This being the case, the facts set up in the petition are such as call for a bill for instructions, which would bring all parties before the court and eventuate in a decree construing the will.

The petitioner, however, has not chosen to file a bill for instructions. He has concluded to proceed under the Code section referred to. I conceive that it is improper for the Chancellor to undertake a construction of the will in a proceeding instituted under this section. While the section provides for relief in cases where the persons entitled are unknown, it seems to me the circumstance of being "unknown" must be based upon a question of fact, and not upon a question of law involving a construction of a

will. It is hardly to be supposed that the Code section in question was intended by the Legislature to supply a method of procedure which might in a great many cases be used to supplant the established procedure by a bill for instructions. The section of the Code upon which the petition is based has been a part of the statutory law of this State since March 23, 1881. I believe that the uniform practice of the bar ever since the enactment of the provision has been to regard it as supplying a remedy where the sole doubt has arisen because of the uncertainty of questions of fact. Procedure under this section has never been resorted to for the purpose of settling questions involving the construction of wills, which under established Chancery procedure are raised by bills for instructions.

The prayer of the petition will, therefore, be denied.